UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GABRIEL JOHNSON,

                              Plaintiff,                              **DECISION**

      v.                                                                 **and**

                                                                        **ORDER**

LVNV FUNDING SHERMAN ACQUISITIONS,
MONARCH RECOVERY MANAGEMENT,                    **10-CV-467A(F)**
CHERYL BARNES,
MARIA LOPEZ,
BILL PARKER,
ALLAN PRESTON,
CAPITAL MANAGEMENT SERVICES,
KEITHA BARBER,
TONI MOREHEAD,
WES CALDWELL,
RESURGENT CAPITAL SERVICES,
CYNTHIA JURGEN, and
OMAR,

                              Defendants.

By papers filed September 16, 2010 (Doc. Nos. 12-15), Defendants Resurgent Capital Services, Cynthia Jurgen, Omar, LVNV Funding Sherman Acquisitions, Monarch Recovery Management, Cheryl Barnes, Bill Parker and Allan Preston moved to dismiss pursuant to Fed.R.Civ.P. 8, 12(b)(1), 12(b)(6), and 12(e) ("Defendants' motions"). On September 17, 2010, the court directed Plaintiff's response be filed by October 15, 2010 and any reply be filed by October 26, 2010 (Doc. No. 16). On October 15, 2010, Plaintiff filed a motion for appointment of counsel (Doc. No. 19) ("Plaintiff's motion to appointment of counsel) and for an extension of time to obtain counsel (Doc. No. 20) (Plaintiff's motion for extension of time") ("Plaintiff's motions"). Although not specifically stated in Plaintiff's papers, the court construes Plaintiff's motion for an extension of time as a request for additional time within which Plaintiff may respond to Defendants' motions. Defendants opposed Plaintiff's motion for

appointment of counsel by Affirmations of Hedwig M. Auletta, Esq. (Doc. No. 21) and Glenn Fjermedal, Esq. (Doc. No. 22), however, Defendants do not specifically object to Plaintiff's request for additional time to respond to Defendants' motions.

Turning to Plaintiff's motion for appointment of counsel, to warrant assignment of counsel the court must determine the "likelihood of merit" in a *pro se* indigent plaintiff's claim, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). In exercising its discretion, *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984) (assignment of attorney to indigent party discretionary with court), the court should consider, in addition to the merits of an indigent plaintiff's claims, the plaintiff's ability to investigate the relevant facts, the need for cross-examination of important conflicting evidence, the complexity of the legal issues, and other special reasons dictating the need for appointed counsel to achieve a just outcome. *Hendricks*, 114 F.2d at 390. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

In this case, giving Plaintiff's Amended Complaint the liberal reading required for *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), Plaintiff appears to allege various violations of the Fair Debt Collections Practices Act based on telephonic communications between Plaintiff and Defendants concerning what Plaintiff asserts is an invalid credit card debt. Specifically, Plaintiff alleges abusive conduct, harassment, and providing misinformation by Defendants and their various representatives within whom Plaintiff had contact over a ninety-day period during April through June 2010. Plaintiff alleges in

2

these communications, Defendants violated the FDCPA.  While nothing in the Amended Complaint states that Defendants' alleged conduct also constitutes tortious conduct actionable under applicable state law including harassment and misrepresentation, Defendants predicate their motions on such state claims having been asserted by Plaintiff.  According to Plaintiff, the scenario giving rise to Plaintiff's claims commenced as a result of telephone calls on April 10, 2010 by Defendant Monarch Recovery Management with Defendant Barnes.  Plaintiff also alleges he was formerly engaged in the credit card collection business and recorded each conversation which forms the basis of Plaintiff's eight claims.  Plaintiff also avers, in support of Plaintiff's motion to assign counsel, that he is a full-time college student.

Given the detailed description of Plaintiff's allegations and Plaintiff's asserted familiarity with the business of debt collection, the court finds Plaintiff is sufficiently capable of prosecuting the instant action.  Moreover, the court notes that Plaintiff has filed an unrelated action alleging similar claims, *Johnson v. Creditors Financial Group, et al.*, 10-CV-286A, and that Plaintiff's request for assignment of counsel in that case was rejected without prejudice by Judge Arcara, in an order filed August 5, 2010, (Doc. No. 7), finding Plaintiff's claims were not frivolous and that Plaintiff had thus far demonstrated his ability to prosecute the action at this time without counsel.  10-CV-286A, (Fjermedal Affirmation, Exh. A) (Doc. No. 7).  Accordingly, for similar reasons, the court in this case finds that Plaintiff's motion for assignment of counsel should be denied.  However, the court also finds that Defendants have not objected to Plaintiff's motion for an extension of time and that Defendants will not suffer any undue prejudice if Plaintiff is granted additional time within which to respond to Defendants' motions.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for assignment of counsel (Doc. No. 19) is DENIED without prejudice; Plaintiff's motion for extension of time to respond to Defendants' motions (Doc. No. 20) is GRANTED. Plaintiff shall file his response to Defendants' motions **within 60 days** of this Decision and Order; Defendants' may file any reply **within 10 days** thereafter. Oral argument shall be at the court's discretion. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: November 3, 2010
      Buffalo, New York

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).