UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GABRIEL JOHNSON,

                  Plaintiff,

                                                           **DECISION AND ORDER**
                                                                      10-CV-467A

       v.

CAPITAL MANAGEMENT SERVICES,
KEITHA BARBER,
TONI MOREHEAD, and
WES CALDWELL,

                  Defendants.

---

**I.**     **INTRODUCTION**

Plaintiff Gabriel Johnson ("Plaintiff"), who is proceeding *pro se*, commenced this action against, *inter alia*, Defendants Capital Management Services ("CMS") and CMS Collectors Keitha Barber ("Barber"), Toni Morehead ("Morehead"), and Wes Caldwell ("Caldwell"),[1] alleging violations of various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

The claims in Plaintiff's amended complaint (Docket No. 4) arise out of several telephonic communications between Plaintiff and Defendants concerning what Plaintiff asserts is an invalid credit card debt.

---

[1] CMS and CMS Collectors will be referred to collectively as "Defendants" herein.

Currently before the Court are Plaintiff's motions for summary judgment with regard to his two remaining claims in the amended complaint against Defendants (Docket Nos. 28, 37), as well as his second motion to appoint counsel (Docket No. 46).

Defendants have filed an opposition to Plaintiff's motion and have cross-moved for summary judgment on the basis that the undisputed facts do not give rise to CMS' liability under the FDCPA (Docket No. 35).

The Court has deemed the motions submitted on papers pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, Plaintiff's motions for summary judgment and appointment of counsel are denied and Defendants' cross-motion for summary judgment is granted.

## II.   BACKGROUND

Plaintiff's amended complaint alleges that CMS violated the FDCPA when Defendants refused to validate a debt, and that CMS Collectors harassed and verbally abused him and made misrepresentations to him regarding the subject debt.

Plaintiff's allegations arise from a series of telephone conversations occurring on June 15 and June 16, 2010. The following facts are not in dispute.

On or about June 14, 2010, Plaintiff had an account with Resurgent Capital Services ("Resurgent") that was assigned to CMS for collection. CMS called Plaintiff approximately three times on June 14, 2010. The following day, June 15, 2010, Plaintiff called back the number belonging to CMS and spoke with CMS Collectors,

who advised Plaintiff of his collection account with CMS, the name and identity of the original creditor, the current owner of the debt, and the amount of the debt owed.

Plaintiff stated that he intended to dispute the debt, and was advised by CMS Collectors that the collection efforts would continue until CMS received notice of a dispute at their office.

Following Plaintiff's threats to sue CMS, he was transferred to approximately four different representatives until he was ultimately informed that his collection account had been closed pursuant to a "cease and desist" order placed by CMS after Plaintiff's threat of an FDCPA lawsuit. CMS made no further efforts to collect on the subject debt after June 15, 2010. On June 16, 2010, CMS marked the account as "disputed," and Plaintiff's file was recalled by Resurgent.

During these conversations, Plaintiff told CMS collectors that he was a debt collector himself, understood his rights under the FDCPA, understood his obligations to properly dispute a debt, and had already filed one lawsuit against LVNV Funding for $300,000. Plaintiff recorded all of the aforementioned calls.

### III.  DISCUSSION

#### A.  Summary Judgment–General Principles

Federal Rule of Civil Procedure 56 provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (Skretny, *J.*) (internal citations omitted).

A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under governing law." *Id.*

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." *Addickes v. S.H. Kress*, 398 U.S. 144, 158–59 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

B.   **The Fair Debt Collection Practices Act**

The FDCPA was enacted to "protect consumers from ... unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Monahan v. NRA Grp.*, No. 10–CV–00638, 2011 WL 3901877, at *2 (D. Conn. Sept. 6, 2011) (quoting S. Rep. No. 95–382, at 1 (1977)).

The FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representations by any means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(10) contains a "catch-all" provision that prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10); *see Cloman v. Jackson*, 988 F.2d 1314,1320 (2d Cir. 1993).

Likewise, under 15 U.S.C. § 1692d, "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse" a debtor in connection with the collection of a debt. 15 U.S.C. § 1692d. Such prohibited conduct includes obscene or profane language, or other language "the natural consequence of which is to abuse the hearer." 15 U.S.C. § 1692d(2).

Finally, § 1692g proscribes collection activities which have the effect of contradicting or overshadowing a consumer's rights to dispute the debt, and requires debt collectors to send consumers a written notice "within five days after the initial communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692g(a)(1–5).

**C.     Parties' Motions for Summary Judgment**

Plaintiff has moved for summary judgment with respect to three claims in his amended complaint labeled "F," "G," and "H." *See* Pl. First Mot. for Summ. J. (Docket No. 28) and Pl. Second Mot. for Summ. J. (Docket No. 37).

Plaintiff's Claim "F" asserts that CMS Collectors Morehead, Barber, and Caldwell harassed and verbally abused Plaintiff in contravention of the FDCPA, although Plaintiff does not cite to any specific statutory component of the FDCA that was allegedly violated by the CMS Collectors. Plaintiff seeks to have the aforementioned defendants "banned from collections" and has requested $28,000 in damages. Am. Compl. at 15-19.

Claims "G" and "H" allege the same violations as Claim "F," but against former defendants Resurgent, Monarch Recovery Management, and LVNV Funding, who have previously been dismissed from this action pursuant to a settlement agreement.  Accordingly, those claims will not be considered by the Court on this motion.

Reading Plaintiff's motion papers and amended complaint liberally, the Court presumes that Plaintiff seeks summary judgment with regard to Claim "I," which alleges "harassment, misinformation, and violations [of the FDCPA] and inconvenience" by CMS, apparently based on its alleged refusal to validate Plaintiff's debt. Am. Compl. at 19-23.

CMS and its Collectors have cross-moved for summary judgment with regard to the same issues on the basis that the evidence does not support any claim for CMS' liability under the FDCPA.  Because both sides have addressed the same subject matter and the facts in this case are undisputed, the Court has evaluated both parties' motions together and finds that no triable issues of fact exist on this

record, and the evidence does not establish actionable claims against CMS under the FDCPA.

### 1.     Local Rule 56

As CMS initially points out, Plaintiff's motions for summary judgment are deficient under the Local Rules of Civil Procedure because they do not include accompanying statements of facts. Local Rule of Civil Procedure 56(a)(1) requires that a motion for summary judgment be accompanied by a statement of undisputed facts citing to admissible evidence. "Failure to submit such a statement may constitute grounds for denial of the motion." Local Rule 56(a)(1).

It is well-settled that one's status as a *pro se* litigant "does not excuse his non-compliance with the Local Rules." *Vanbrocklen v. U.S. Transp. Sec. Admin.*, No. 08-CV-312, 2009 WL 1449042, at *2 (N.D.N.Y. May 21, 2009) (citing *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law.") *and Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("While a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.")).

The Local Rules are not unfamiliar to Plaintiff in light of the fact that he has previously litigated another case in this Court. *See Johnson v. Creditors Fin. Grp.*, 10-CV-286(A). Additionally, his familiarity with the Local Rules is evident by the fact

that in connection with this motions, he complied with Local Rule 7(a) by filing with the Court a supporting memorandum of law and affidavits.

Even if Plaintiff's motions were not subject to dismissal for his disregard of the Local Rules, his claims would fail as a matter of law.

### 2.  Harassment and Verbal Abuse Claim

Plaintiff's claim "F" asserts harassment, abuse and general, unspecified "violations" of the FDCPA by CMS Collectors Morehead, Barber, and Caldwell. Am Compl. at 18-19; Pl. Memo at 2-3.

As stated earlier, § 1692d prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse" a debtor. 15 U.S.C. § 1692d. Such prohibited conduct includes: (1) the use of threat or use of violence, (2) the use of obscene or profane language, (3) the publication of a list of consumers who allegedly refuse to pay debts, (4) the advertisement for sale of any debt to coerce payment of the debt, (5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, and (6) the placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(1–6).

Here, Plaintiff does not specify which portion of Section 1692d was allegedly violated, nor does he state any factual allegations against CMS with respect to his claims of harassment. The Court does, however, have the benefit of a written transcript and audio recording of the telephone conversations upon which Plaintiff

has based his allegations. Simply put, the transcript provided in this case belies Plaintiff's claims.

According to the complaint, debt collectors at CMS attempted to reach Plaintiff by phone on three occasions on June 14, 2010, but did not leave a message. The following day, Plaintiff dialed back the number to determine the source of the phone calls, and reached CMS. He then had a series of conversations with CMS Collectors Morehead, Barber, and Caldwell.

The transcript indicates that the Plaintiff first spoke with CMS Collector Morehead. After verifying Plaintiff's phone number and address, Morehead stated that she was calling to attempt to collect a debt in reference to a Visa credit card issued by Credit One Bank. Def. Exh. B (Docket No. 35-3) at 3. Morehead proceeded to advise Plaintiff of the balance of the account, when the collection account was placed with CMS, who currently owned the account, and asked Plaintiff how he would be "taking care of it today." *Id.* Plaintiff stated that he did not recall a Credit One bank Visa card, and Morehead transferred Plaintiff to another collector, Keitha Barber. *Id.* at 4.

Plaintiff initially indicated to Barber that he would dispute the account because he "ha[d] no idea of" it. Pl. Exh. B at 5. Barber then asked Plaintiff who else would have had access to his personal information in order to open an account in his name and subsequently make payments on it. Plaintiff stated that he did not like Barber's "dogmatic attitude," to which Barber responded: "Really, that sounds like a personal

problem, my main concern is this account, and to get it resolved . . . you're stalling right now." Pl. Exh. B at 5-6. After requesting to speak with a supervisor, Plaintiff's call was transferred.

While Barber's collection efforts were discernibly more aggressive than Morehead's, nothing that transpired during this conversation between Barber and Plaintiff can be said to amount to a violation of § 1962d. Plaintiff has provided no law in support of his contention that Barber's statements to him rise to the level of "harassment," as that term is used in Section 1692d. By way of contrast, Section 1692d lists six nonexclusive examples of harassing conduct, which include the use or threat of violence, the use of profane or threatening language, publicly advertising debts or debtors, and making abusive and repeated telephone calls. In the Court's view, none of the conduct alleged by the Plaintiff is similar in seriousness to any of these examples. Indeed, "[a]ny attempt to collect a defaulted debt will be unwanted by a debtor." *Harvey v. Great Seneca Fin.*, 453 F.3d 324, 330–31 (6th Cir. 2006).

Finally, the last CMS Collector to speak with Plaintiff was Wes Caldwell, who represented himself as Barber's "manager." Caldwell also made repeated attempts to "resolve" the account with Plaintiff, who maintained that he wished to dispute the debt. Caldwell advised Plaintiff that, "If you want to dispute the account Mr. Johnson there is no need for us to continue this conversation, I told you what you need to do to go ahead and dispute this . . . Until we receive something in this office, the

collection terms will continue . . ." Def. Exh. B at 6-8. When Plaintiff threatened to commence an FDCPA lawsuit, he was connected with a supervisor.

Plaintiff fails to identify any evidence to support his conclusion that any of the CMS Collectors' conduct was intended to harass, oppress, or abuse him in any way. There are no allegations, let alone any evidence, that CMS Collectors used obscene, profane, or abusive language, and the Court cannot detect any other possible violation of § 1692d on this record. While the Collectors' conduct may have been annoying to Plaintiff, "Section 1692d is meant to protect debtors from oppressive and outrageous conduct, but not from every negative consequence of debt collection." *Monahan v. NRA Grp.*, No. 10-CV-00638, 2011 WL 3901877, at *2 (D. Conn. Sept. 6, 2011) (citing *Bieber v. Assoc. Collection Servs.,* 631 F. Supp. 1410, 1417 (D. Kan. 1986) ("Some inconvenience or embarrassment to the debtor is a natural consequence of debt collection."). Finally, it is worth noting that it was Plaintiff who initiated the phone calls on June 15, 2010 and made repeated attempts to contact CMS *after* CMS had ceased its collection efforts.

Likewise, to the extent that Plaintiff seeks to allege a violation of 15 U.S.C. § 1692e arising out of his conversation with CMS Collector Caldwell, *see* Pl. Aff. (Docket No. 41), ¶ IV, who identified himself as a manager but was in fact a debt collector, such an assertion is insufficient to state a violation of the FDCPA.

Section 1692e prohibits debt collectors from using false, deceptive, or misleading representations to collect a debt:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

While there is an issue of fact as to whether Caldwell was a "manager" or a debt collector, it immaterial to this action. Even if Caldwell misrepresented his position, and such misrepresentation constitutes a violation of company policy, there is still nothing on this record giving rise to an infringement of 1692e(10). Plaintiff also does not attempt to argue how Caldwell's conduct amounts to a deceptive practice for purposes of the statute. Rather, it appears that Plaintiff merely seeks to air his dissatisfaction with CMS' efforts at collecting an allegedly invalid debt, which is not actionable in this proceeding. *See Bleich v. Revenue Maximization Grp.,* 233 F. Supp. 2d 496, 500 (E.D.N.Y. 2002) ("[T]he allegation that the debt sought to be collected is not owed, standing alone, cannot form a basis for a 'false and misleading practices' claim under the FDCPA.")

The Court concludes that because the undisputed evidence demonstrates that Plaintiff has not established a violation of the FDCPA, Defendants are entitled to summary judgment on Plaintiff's claim of harassment and verbal abuse as set forth in Claim "F" of the amended complaint.

**2.    Debt Validation Claim**

Plaintiff also contends in Claim "I" that CMS erroneously labeled his account as "cease and desist" after he verbally informed them that he would be disputing the debt. Pl. Mem. (Docket No. 38) at 5.

The FDCPA requires a debt collector to provide written notice of the debt and the consumer's right to dispute it within five days of the collector's initial communication with the consumer.[2] *See* 15 U.S.C. § 1692g(a). Further, Section 1692g provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

*See* 15 U.S.C. § 1692g(b).

Here, Plaintiff did not make a written request to dispute the debt as described in the procedure above. Although a consumer may dispute a debt orally, only a written dispute or request for verification will trigger a debt collector's duty to halt

---

[2] The transcripts of the recordings indicate that Plaintiff called CMS the day after his account was placed in collections. Accordingly, the written notice described in 1692g(a) had not yet been sent to Plaintiff. That day, a CMS supervisor verbally advised Plaintiff how he could dispute the debt in writing and provided addresses for both CMS and Resurgent. Def. Exh. B at 15-16.

collection activities or send verification of the debt by mail. *Ong v. Am. Collection Enter.*, No. 98-CV-5117, 1999 WL 51816, at *3 (E.D.N.Y. Mar. 15, 1999); *see also Young v. Credit Bureau of Lockport*, No. CIV-86-1121E, 1989 WL 79054, at *1-2 (W.D.N.Y. July 17, 1989), *amended on other grounds*, 729 F. Supp. 1421 (W.D.N.Y.1989) (Elfvin, *J.*). Because Plaintiff made only a verbal request to dispute the debt, there was no affirmative duty by CMS to provide verification to Plaintiff, and therefore CMS could not have been in violation of the FDCPA for failing to take such action.

In any event, notwithstanding Plaintiff's failure to invoke the written procedure set forth in 15 U.S.C. § 1692g(b), it is undisputed that CMS ceased collection of the debt upon Plaintiff's verbal notification to CMS Collectors that he wished to dispute the debt. Whether Plaintiff's account was labeled "cease and desist" or "disputed" does not matter, because CMS did more than it was required to do under the FDCPA by halting collection efforts. *See, e.g., Jang v. A.M. Miller*, 122 F.3d 480 (7th Cir. 1997) ("Section 1692g(b) . . . gives debt collectors two options when they receive [written] requests for validation. They may provide the requested validations and continue their debt collecting activities, or they may cease all collection activities."); *Smith v. Transworld Sys.*, 953 F.2d 1025, 1031 (6th Cir. 1992) (debt collector does not violate the FDCPA when it ceases collection activity after receiving a request for validation; debt collector need not first send validation before ceasing collection activity).

It is uncontested that CMS ceased its collection efforts upon Plaintiff's verbal notification that he wished to dispute the debt, which, under the FDCPA, it was fully entitled to do. Because CMS' action in placing a "cease and desist" notation on Plaintiff's account following his verbal notice of dispute does not constitute a violation under the statutory framework of the FDCPA, Plaintiff is not entitled to summary judgment on his claim that his right to dispute and seek verification of the debt was violated by CMS. Defendants' cross-motion for summary judgment is therefore granted with respect to Claim "I."

For all of the foregoing reasons, the Court finds that Plaintiff is not entitled to summary judgment on his remaining claims against Defendants in the amended complaint, which is dismissed in its entirety, and summary judgment is warranted for CMS in this action.

### E.     Plaintiff's Second Motion to Appoint Counsel

In light of the Court's decision granting summary judgment to Defendants, Plaintiff's motion to appoint counsel is denied as moot.

IV.  **CONCLUSION**

For all of the foregoing reasons, the Court:

(1)   Denies Plaintiff's Motions for Summary Judgment (Docket Nos. 28, 37);

(2)   Denies Plaintiff's Second Motion to Appoint Counsel (Docket No. 46);

(3)   Grants CMS' Cross-Motion for Summary Judgment (Docket No. 35);

The Clerk of the Court shall close this case.

SO ORDERED.


*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: December 1, 2011